35 C.C.P.A.(Patents)

## MORTON MFG. CORPORATION v. DELLAND CORPORATION.

### Patent Appeal No. 5382.

Court of Customs and Patent Appeals.

Feb. 10, 1948.

Mason, Fenwick & Lawrence, of Washington, D. C. (Edward G. Fenwick, of Washington, D. C., of counsel), for appellant.

Baer & Marks, of New York City (Donald Marks and George H. Klein, both of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the

192

Commissioner of Patents, 69 U.S.P.Q. 616, affirming the decision of the Examiner of Interferences dismissing appellant's opposition to the registration of appellee's trade-mark under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq. The issue in the case involves the confusion in trade clause of section 5 of that act.

Appellant's trade-mark is the term "Chap Stick," registered June 4, 1912, registration No. 86,819, for use on a "medicinal preparation for chapped skin, sunburn and hangnails * * *."

It appears from the record that appellant's trade-mark registration was renewed in 1932; that its preparation is always "marketed" under the name "Fleet's Chap Stick;" and that appellant has also registered the mark "Fleet's" and "Fleet's Chap Stick," although such registrations are not in the record.

Appellant's mark "Chap Stick" was registered under the 10-year clause of section 5 of the Trade-Mark Act of February 20, 1905, and the product upon which its trade-mark is used is composed of camphor, oil of cloves, aromatic oils, petrolatums and waxes, and is used to sooth and relieve irritations of the skin, including irritation of the skin caused by the razor in shaving. It is sold in containers in the form of sticks, and also to some extent, not stated, in jars. Appellant's trade-mark has been extensively advertised in magazines, newspapers, and other types of advertising throughout the United States.

Appellee's trade-mark is composed of the term "Slick Stick" for use on shaving sticks. Its application for registration was filed July 21, 1943, wherein it is stated that appellee had used its mark on its goods since June 8, 1942. In its application for registration the term "stick" was disclaimed apart from the mark as shown.

Apppellee's "Slick Stick" shaving preparation is apparently put up in paper containers in the form of sticks and is used to prepare the beard for shaving. Each stick is composed of a combination of earth minerals, a drop or two of olive oil, and perfumed by one or two drops of essential oil. It is dry and greaseless, and its sole purpose, as hereinbefore stated, is to aid

in shaving. It is not composed in any part of petrolatums, waxes, camphor, or oil of cloves. It is a hard, round stick approximately 3¼ inches in length and 1½ inches in diameter. The minerals in appellee's shaving stick are alkaline in reaction and slightly styptic, although it does not have the styptic qualities in a sense that it prevents bleeding or that it stops bleeding caused by an abrasion or cut.

It appears from the testimony of Robert H. Delafield, Financial Vice President of the Columbia Gas & Electric Corporation and a director and treasurer of appellee's corporation that

"In order to shave with Slick Stick the face must be thoroughly wet. The stick is then applied to the face where it leaves a chalky deposit. The action of this deposit is to hold the water on the face close to the whiskers, so to speak, to make each whisker a little container for water, and by its slight styptic action—that is, drawing the skin tight—make the whiskers stand up straight.

"After the application of Slick Stick has been allowed to dry on the face for a short time it is washed off with clear water, and apparently the plain face without any substance on it is shaved. In fact, there has been left a slight slick which, with the astringent or styptic quality of the earth minerals, helps to hold the whiskers in an erect position, thus presenting the smallest possible surface to the cutting edge of the razor."

No soap or lather or other material is used in the shaving process.

It is true, of course, that other preparations, including appellant's preparation, may be used after shaving in order to relieve any irritation of the skin caused by the razor.

It further appears from the record that appellee's goods, under the trade-mark "Slick Stick," have not been advertised to any great extent. Its product is sold to wholesale druggists and drug supply houses and is then distributed to retail drug stores.

Each of the tribunals of the Patent Office held that the goods of the parties might be regarded as having the same descrip-

tive properties but that considering the difference in the goods and the difference in the marks, the concurrent use of the marks on the goods of the parties would not be likely to cause confusion in trade or deceive purchasers and, accordingly, dismissed appellant's notice of opposition.

In his decision, the Examiner of Interferences stated that the word "Stick" was merely descriptive and that although appellant's trade-mark "Chap Stick," in its entirety, having been registered under the 10-year clause of section 5 of the Trade-Mark Act of February 20, 1905, was a valid trade-mark, appellant was not entitled to the exclusive use of the word "Stick" and, in support of his statement, cited the case of Charles R. Spicer v. W. H. Bull Medicine Co., 49 F.2d 980, 18 C. C.P.A., Patents, 1402, where it was held, on the authorities therein cited, that the words "Herbs and Iron" were merely descriptive and that although appellee had registered its mark "W. H. Bull's Herbs and Iron" under the 10-year clause of section 5 of the Trade-Mark Act of February 20, 1905, appellant in that case had the right to use the words "Herbs and Iron" in a primary sense, so long as its trade-mark in its entirety was not confusingly similar to appellee's trade-mark.

We are of opinion that appellant is not entitled to the exclusive use of the word "Stick" in a trade-mark, as it is merely descriptive of the shape or form of appellant's product and is one of the characteristics thereof. Accordingly, the question presented is whether "Slick Stick" for use on appellee's goods is confusingly similar to the trade-mark "Chap Stick" for use on appellant's goods.

We have given careful consideration to the argument presented here by counsel for appellant and to the cases cited by them, but are of opinion that considering the difference in the marks in their entireties, and the difference in the goods of the parties, the concurrent use by the parties of their marks on their respective goods would not be likely to cause confusion in trade or deceive purchasers, and that appellee is entitled to the registration of its mark.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.

By reason of illness, O'CONNELL, Associate Judge, was not present at the argument of this case and did not participate in the decision.